IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JESS CASTEEL, | No. 2:14-CV-0886-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____ / | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 11) and defendant's cross-motion for summary judgment (Doc. 14).

/ / /

/ / /

/ / /

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on June 21, 2010. In the application, plaintiff claims that disability began on January 1, 2002. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on March 15, 2012, before Administrative Law Judge ("ALJ") Peter F. Belli. In a June 18, 2012, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): lumbar degenerative disc disease and mood disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: light work, except the claimant can lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently; he can sit eight hours in a workday; he can stand/walk for six hours in a workday; the claimant can never climb ladders, ropes, or scaffolds; he can occasionally stoop, crawl, crouch, and kneel; he is limited to occasionally receiving, remembering, and carrying out detailed job instructions;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on February 11, 2014, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

In his motion for summary judgment, plaintiff argues: (1) the ALJ failed to properly evaluate the medical opinions of Drs. Vaclavik, Kinnison, and Wilson; and (2) the ALJ failed to properly assess the credibility of plaintiff's testimony.

**A.    Evaluation of Medical Opinions**

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

As to Dr. Vaclavik, the ALJ stated:

> Charles Vaclavik, D.O., treating source noted that he started monthly treatment with the claimant in September 2009. Dr. Vaclavik diagnosed the claimant with back pain, central canal narrowing at L2-3, neural foraminal narrowing at L2-3, hypelipidemia, and diabetes mellitus. His prognosis is poor. Pain radiates down his left posterior thigh to his knee (Ex. 10F and 20F/3). Dr. Vaclavik's treating notes are routine and conservative in nature and mainly consist of medication refills. Objective clinical findings are minimal. There are no EMG/NC studies to support radiating pain to the left leg. Dr. Vaclavik's treating notes are of little

4

> probative value in determining the claimant's residual functional capacity because those notes lack significant objective clinical findings and merely notate the claimant's subjective complaints.
>
> * * *
>
> Dr. Vaclavik, M.D., opined that the claimant is medically restricted to lifting/carrying no more than 10 pounds occasionally. He is unable to sit, stand, or walk enough to sustain full-time employment, as he is limited to no more than one hour of each activity within an eight-hour workday. He cannot sit continuously in a work setting. He must get up and move around for 15 minutes after 15 minutes of sitting. He cannot stand or walk continuously in a work setting. He is precluded from pushing, pulling, kneeling, bending, stooping, and he needs to avoid temperature extremes. He has moderate limitations in using his arms for reaching. His symptoms frequently interfere with his ability to concentrate and complete tasks, and he is incapable of even a low level of stress. His symptomatology would likely increase if he were placed in a competitive work environment (Ex. 20F/3). Dr. Vaclavik's opinion appears entirely based on the claimant's subjective complaints. Dr. Vaclavik's treating notes are almost entirely devoid of any objective clinical findings (except lab results and imaging studies). Dr. Vaclavik's own treating notes do not support his opinion. Accordingly, Dr. Vaclavik's opinion received little weight.

As to Dr. Kinnison, the ALJ stated:

> Michael Kinnison, M.D., consultative examiner diagnosed the claimant with low back pain most likely discogenic. The claimant was friendly and cooperative. He appeared to be in moderate distress ambulating with pain in his back. On exam, the claimant had paravertebral muscle spasm and tenderness. Grip is 5/5 and strength in the upper and lower extremities is 5/5. Straight leg raise was positive for low back pain on the right at about 25 degrees off the table and on the left at about 15 degrees off the table (Ex. 4F). These objective clinical findings support some functional restrictions. Accordingly, the undersigned has reduced the claimant's ability to stand/walk to six hours in an eight-hour workday and his ability to lift/carry to 20 pounds occasionally and 10 pounds frequently.
>
> * * *
>
> Dr. Kinnison opined that the claimant could stand/walk for two hours in an eight-hour workday. He could sit up to four hours. He could lift 10 pounds occasionally and frequently. He could climb occasionally at his own rate. His balance is unlimited. His ability to stoop and crouch would be very limited due to his back pain. Crawling would also be limited. He could kneel without limitations. He does not have manipulative limitations. His ability to reach, handle, finger, and feel is intact. He does not have environmental limitations (Ex. 4E). Dr. Kinnison's opinion appears primarily based on the claimant's subjective complaints. Objective clinical findings contained in the record do not support that the claimant is unable to work a full eight-hour workday. In addition, Dr.

> Colon noted that the claimant had full grip and motor strength and full range of motion of the lumbar spine. Accordingly, Dr. Kinnison's opinion received little weight.

As to Dr. Wilson, the ALJ stated:

> F. Wilson, M.D., non-examining state agency consultant opined that the claimant could occasionally and frequently lift/carry 10 pounds. He could stand/walk at least two hours in an eight-hour workday. He could sit about six hours in an eight-hour workday. He should never crawl, kneel, or climb ladders, ropes, or scaffolds. He could occasionally, crouch, stoop, balance, and climb ramps/stairs. He should avoid concentrated exposure to hazards (Ex. 5F). Dr. Wilson's opinion is based on Dr. Kinnison's opinion. In addition, Dr. Wilson did not have the opportunity to review the comprehensive record. For the same reasons as Dr. Kinnison's opinion received little weight, Dr. Wilson's opinion received little weight.

The ALJ essentially provided the same reasons for rejecting the opinions of these three doctors – that their opinions appeared to be based on plaintiff's subjective complaints and were not supported by objective clinical findings. Plaintiff argues that the ALJ's rationale is unfounded. The court does not agree.

As the ALJ noted in the hearing decision, other doctors commented on the objective evidence. For example, the ALJ noted the following:

> Omar Colon, M.D., consultative examiner diagnosed the claimant with lower back pain. Lumbar range of motion was normal. There were no spasms. There is mild tenderness on palpation. Facet loading was positive. Bilateral upper and lower extremities strength was 5/5. He weighed 212 pounds (Ex. 15F). These objective clinical findings support some functional restrictions. Accordingly, the undersigned has reduced the claimant's residual functional capacity to a range of light work.
>
> Dr. Colon opined that the claimant could stand/walk for up to six hours. He could sit up to six hours. He uses a standard cane, which is not medically necessary based upon objective findings. He could lift/carry 20 pounds occasionally and 10 pounds frequently with limitations justified secondary to back pain. He could frequently climb, balance, stoop, kneel, crouch, and crawl (Ex. 15F). Dr. Colon's opinion is the most consistent with objective clinical findings (including imaging studies) contained in the record. Accordingly, Dr. Colon's opinion received great weight.

/ / /

/ / /

1  Additionally, the ALJ noted:

> C.R. Dann, M.D., non-examining state agency consultant opined that the claimant could lift/carry occasionally 50 pounds and frequently 25 pounds. He could stand/walk about six hours in an eight-hour workday. He could sit about six hours in an eight-hour workday. He could frequently balance, stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds. Dr. Dann noted that the longitudinal medical evidence of record is subjective in nature with virtually no exam being done at treating source visits. His gait antalgia is poorly supported by decent lumbar spine flex and intact range of motion and motor strength in the lower extremities (Ex. 16F). The undersigned has reduced the claimant's ability to lift/carry to 20 pounds occasionally and 10 pounds frequently. The undersigned has considered the combination of subjective and objective findings to determine that the claimant is capable of less than the full range of light work. Accordingly, Dr. Dann's opinion as related to lifting/carrying received little weight and his opinion as related to standing, walking, and the performance of postural activities received great weight.

Based on the objective findings noted by Drs. Colon and Dann – mild tenderness on palpation, positive fact loading, normal bilateral upper and lower extremities strength, intact range of motion – the court finds that the ALJ's conclusion as to Drs. Vaclavik, Kinnison, and Wilson is based on substantial evidence. As discussed above, the ALJ properly analyzes contradicting medical opinions is he sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states his interpretation of the evidence, and makes a finding. See Magallanes, 881 F.2d at 751-55. This is exactly what the ALJ did in this case by outlining in detail the findings and opinions of the various doctors, interpreting the opinions by comparing them to the observed clinical findings in the record as a whole, and assigning weight to the competing opinions. The ALJ's conclusions regarding evidence that is susceptible to more than one rational interpretation must be accepted. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

/ / /

/ / /

/ / /

/ / /

### B. Credibility Assessment

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent

testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

As to plaintiff's credibility, the ALJ stated:

> The claimant alleges that he is unable to work due to low back problems, left leg problems, diabetes, insomnia, and high blood pressure.  He is 5'11" and weighs 248 pounds (Ex. 1E).  He reported that he has pain and fatigue.  He is just not able to do anything anymore.  He uses a cane.  Some days he cannot get out of bed due to hurting so much (Ex. 4E).  He can care for his personal needs, but at a much slower rate (Ex. 6E).
>
> The claimant testified that he lives with his mother, age 82, in a mobile home.  He smokes 1/2 to a full pack of cigarettes per day.  He drinks alcohol.  He drinks one to two 24-ounce beers a day.  He used methamphetamine.  He has not used for like 10 years.  He moved in with his mother in 2004.  His girlfriend moved into a rehab center.  She moved there about five months ago.  He cooks.  He can bathe and dress himself.  He does not brush his teeth because he does not have any.  His mother does his laundry.  His daughter visits him almost every day and she makes the bed.  His problems are his low back, mid back, pain down his left leg, and numbness in his right leg.  He had back surgery in May 2000.  He does not have any planned surgeries.  He was advised that he was not a surgical candidate.  A friend gave him a ride to the hearing.  A couple of times a week, his friends visit with him.  He goes to bed between 9 and 10.  He gets up around 4 am.  He lies around during the day.  He can sit about 15-20 minutes at one time.  He could stand 5-10 minutes.  He could walk a block or block and a half.  He could lift a gallon of milk about 3-4 times.
>
> The claimant's testimony cannot be accepted as entirely credible because he alleges that he could minimally stand, walk, lift, and carry.  His allegations are not supported by the objective clinical findings.  In addition, the record indicates that the claimant stopped working for reasons unrelated to his alleged impairments.  He reported that he stopped working in 1993 because the company was sold (Ex. 1E).  Objective clinical findings support that the claimant is capable of a range of light

work.

Plaintiff argues that none of the reasons the ALJ gave for rejecting his testimony as not credible ". . .truly undermines the veracity of his claim. . . ." and that ". . .the ALJ would diminish Mr. Casteel's claims with the totally unreasoned, conclusory statement that '[o]bjective findings support that the claimant is capable of a range of light work.'" The court does not agree.

The ALJ may consider medical opinions about the nature, severity, and effect of symptoms in evaluating the credibility of plaintiff's statements. See Smolen, 80 F.3d at 1284. Here, the ALJ noted the medical opinions regarding plaintiff's limitations, specifically those reported by Drs. Colon and Dann, in concluding that plaintiff has the capacity to perform a range of light work despite plaintiff's allegations of disabling symptoms. Contrary to plaintiff's assertion, the ALJ's analysis is well reasoned and supported by the record as a whole.

### IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

 1. Plaintiff's motion for summary judgment (Doc. 11) is denied;
 2. Defendant's cross-motion for summary judgment (Doc. 14) is granted; and
 3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: February 19, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE